# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* K.S.

No. 19-0813 (Randolph County 18-JA-146)

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.S. II, by counsel Morris C. Davis, appeals the Circuit Court of Randolph County's August 30, 2019, order terminating his parental rights to K.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Melissa T. Roman, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues the circuit court clearly erred in finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following the filing of a child abuse and neglect petition, petitioner stipulated to allegations that his methamphetamine and marijuana abuse threatened the child's safety; he engaged in domestic violence with the mother; and his parole was revoked after he was arrested for driving under the influence of marijuana while then two-month-old K.S. was in the backseat. According to the petition, law enforcement located "two sets of scales, baggies with meth[amphetamine] residue, and a meth[amphetamine] pipe" in the vehicle next to the child. Based on this stipulation, the circuit court adjudicated petitioner as an abusing parent. Although the circuit court granted the mother a post-adjudicatory improvement period, petitioner did not move for such an improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Following adjudication, the circuit court held multiple hearings that were continued on petitioner's various motions, including one that indicated that petitioner expected to be paroled on March 26, 2019. As a result, the court continued disposition for petitioner's benefit. However, petitioner was not paroled and remained incarcerated throughout the proceedings. Thereafter, the DHHR moved to terminate petitioner's parental rights. The circuit court continued disposition twice more in May and June of 2019 because petitioner was not transported to those hearings by the Department of Corrections and Rehabilitation.

In July of 2019, the circuit court held a dispositional hearing, and petitioner was present. Petitioner testified that his parole revocation was related to a Barbour County, West Virginia, delivery of a controlled substance conviction for which he was sentenced to a term of incarceration of one to fifteen years. According to petitioner, his next parole hearing date was August 1, 2019, and he expected to be released. Petitioner also testified that he was participating in classes while incarcerated, including a domestic violence prevention course. The DHHR proffered that, even if petitioner were released on parole, the case plan required that he remain sober for at least six months and complete thirty-two weeks of domestic violence classes. Ultimately, the circuit court granted the DHHR's motion to terminate petitioner's parental rights. The court reasoned that petitioner was unlikely to fully participate in an improvement period based on his past failure to abide by supervision when on parole in his criminal case. Further, the circuit court noted that it previously granted petitioner multiple continuances for his benefit, but that there was no guarantee he would be released on parole if another continuance were granted. Accordingly, the circuit court found that petitioner was unable or unwilling to provide for the child and that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future. By the circuit court's August 30, 2019, order, petitioner's parental rights were terminated. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption in her relative foster placement.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court clearly erred in finding that there was no reasonable likelihood that he could substantially correct the conditions of neglect or abuse in the near future. Petitioner argues that he testified that he was participating in classes while incarcerated and provided "uncontroverted testimony . . . that he would soon be released" on parole. However, we find petitioner is entitled to no relief on appeal.

Pursuant to West Virginia Code § 49-4-604(c), "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Here, the circuit court specifically found that petitioner was "unwilling or unable to provide adequately for the child's needs" given that, as set forth above, the DHHR presented evidence that petitioner would need to participate in a minimum of thirty-two weeks of services to address the issues of domestic violence in the home. Despite the circuit court granting petitioner multiple continuances in order to determine if he would be released, petitioner's incarceration continued. As a result, petitioner was unable to participate in the services necessary to remedy the conditions of abuse and neglect and his assertion at the dispositional hearing that he would be released on parole in the near future was purely speculative. Although petitioner testified that he participated in some classes to remedy the conditions of abuse and neglect, he presented no evidence to support his assertions that he completed these classes nor any evidence to demonstrate how those classes remedied the conditions that gave rise to the petition. In short, the only evidence at disposition was that the conditions of abuse and neglect continued unabated and petitioner would be unable to participate in the DHHR's services designed to remedy these conditions.

In regard to incarceration, the Court has held as follows:

> When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 3. The record is clear that the circuit court complied with this directive, as it had ample evidence before it regarding the nature of the offense for which petitioner was incarcerated and the terms and length of his confinement. Ultimately, the circuit court found that the child's best interests were served by proceeding to termination of petitioner's parental rights in order to achieve permanency, security, stability, and continuity for the child. Given that the circuit court found that the child would need "a significant amount of time" in order "to be integrated into a stable and permanent home environment," while petitioner

was not guaranteed to be paroled in the near future, the circuit court correctly considered petitioner's incarceration relative to whether the conditions of abuse and neglect could be substantially corrected in the near future, and we find no error.

Further, West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate a parent's parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child, both of which the circuit court found below upon substantial evidence. Additionally, we have held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. The circuit court graciously provided petitioner a continuance to await the result of his March of 2019 parole hearing. Yet, the court was not required to stall the child's permanency for petitioner's speculative release from incarceration. One-year-old K.S. deserves permanency and a consistent stable placement, which petitioner cannot provide. Finally, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, we find no error in the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and, therefore, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 30, 2019, order is hereby affirmed.

Affirmed.

4

**ISSUED**:   April 28, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison